## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| LINCOLN SAVINGS BANK, as Administrator of the Estate of Kabeya Axel Mukendi,<br><br>Plaintiff,<br>vs.<br><br>TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, JAMES HOOK, DOUG WHITE, MARY JONES, DEBRA ADAMS, and RAMIZ MUHELJIC,<br><br>Defendants. | No. 22-CV-2026-LRR<br><br>**ORDER** |

_____

### TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  HISTORY OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. NOTICE OF REMOVAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.  ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     A.  *Federal Jurisdiction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     B.  *Removal to Federal Court* . . . . . . . . . . . . . . . . . . . . . . . . 3
     C.  *Federal Question Jurisdiction* . . . . . . . . . . . . . . . . . . . . . . 4
     D.  *Federal Officer Removal* . . . . . . . . . . . . . . . . . . . . . . . . . 7
     E.  *Pending Motions* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

V.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## I. INTRODUCTION

The matter before the court is Plaintiff Lincoln Savings Bank's Motion to Remand ("Motion") (docket no. 13). It is resisted (docket no. 19).

## II. HISTORY OF THE CASE

On May 9, 2022, Plaintiff, in its capacity as Administrator of the Estate of Kabeya Axel Mukendi, filed a "Petition at Law and Demand for Trial by Jury" ("Petition") (docket no. 2) in the Iowa District Court for Black Hawk County. Plaintiff asserts claims of fraudulent misrepresentation and gross negligence against Tyson and current and former executives and supervisors at the Tyson Waterloo Facility (collectively referred to as "Tyson" or "Defendants"). *See generally* Petition. Plaintiff's decedent worked at the Tyson pork processing plant in Waterloo, Iowa. He contracted COVID-19 and died of COVID-19 complications on May 10, 2020. Plaintiff alleges Mr. Mukendi's illness and death resulted from Defendants' specified actions and failures to act in March and April of 2020 during the COVID-19 pandemic.

Defendants filed a Notice of Removal (docket no. 1), bringing the case before this court. On July 8, 2022, Plaintiff filed the Motion which was resisted by all defendants on July 22, 2022 (docket no. 19).

## III. NOTICE OF REMOVAL

In the Joint Notice of Removal, Defendants assert that this court has subject matter jurisdiction under 28 U.S.C. § 1442(a)(1)—the federal officer removal statute (docket no. 1 at 1). They also argue that they have colorable federal defenses under the Federal Meat Inspection Act (FMIA), the Defense Production Act (DPA) and the April 28, 2020 Executive Order (docket no. 19 at 21). In addition, Defendants assert removal is available based on federal question jurisdiction because Plaintiff's Petition necessarily raises substantial federal issues. *Id.* at 24.

## IV. ANALYSIS

### A. *Federal Jurisdiction*

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017) (quoting *Gunn v. Minton*, 568 U.S. 251, 256 (2013)). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (alteration in original) (quoting *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

### B. *Removal to Federal Court*

"A defendant may remove a state law claim to federal court when the federal court would have had original jurisdiction if the suit originally had been filed there." *Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005). Original subject matter jurisdiction can be established in two ways: (1) by alleging a claim arising under federal law, *see* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"), or (2) by alleging diversity of citizenship between the parties, *see* 28 U.S.C. § 1332(a)(1) and (a)(2) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . (1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state. . . ."). The party seeking removal bears the burden of establishing federal subject matter jurisdiction. *See Cent. Iowa Power Coop v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). Additionally, the court is required to resolve all doubts about whether it has jurisdiction in favor of remand. *See Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014).

### C. Federal Question Jurisdiction

Generally, removal based on federal question jurisdiction is based on the "well-pleaded complaint" rule. *Phipps*, 417 F.3d at 1010. The "well-pleaded complaint" rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "The rule also 'makes plaintiff the master of the claim,' allowing the plaintiff to 'avoid federal jurisdiction by exclusive reliance on state law.'" *Phipps*, 417 F.3d at 1010 (quoting *Caterpillar Inc.*, 482 U.S. at 392).

"[T]he vast majority of cases brought under the general federal question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). A federal question is also raised when "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 28 (1983)). However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813. "[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Id.* at 817 (quoting 28 U.S.C. § 1331).

Defendants again assert this court has jurisdiction based on a federal question. The court considered this argument in *Buljic v. Tyson*, No. 20-CV-2055-LRR, 2020 WL 13042580, at *15-16 (N.D. Iowa Dec. 28, 2020), *aff'd on other grounds*, 22 F.4th 730 (8th Cir. 2021). Upon review of the Petition, the court finds that the Petition does not assert federal claims, but rather asserts common law tort claims for negligence. *See Markham*, 861 F.3d at 754 (providing that "federal jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly pleaded complaint") (quoting *Caterpillar Inc.*, 482 U.S. at 392). Furthermore, Plaintiff's negligence and fraudulent misrepresentation claims do not allege a cause of action created by a federal statute. *See Merrell Dow*, 478 U.S. at 808 (providing that cases brought under federal question jurisdiction are generally cases where federal law creates the cause of action). Defendants do not assert that Plaintiff's petition contains a federal claim or dispute that Plaintiff does not plead any federal law claims. Rather, Defendants argue that the petition implicates federal law and directives to such a degree that there is a federal interest in a federal forum resolving those issues.

Defendants assertion that various paragraphs in the petition "plainly and necessarily raise[ ]" federal issues mischaracterizes those paragraphs. Resistance at 24-25. Instead, those paragraphs primarily reference federal and state responses to the pandemic, identifying the context around Defendants' actions. Further, Plaintiff's specific references in the Petition to federal rules, regulations and guidance or mention of CDC guidelines or OSHA standards does not confer federal question jurisdiction. *See Merrell Dow*, 478 U.S. at 813 (providing that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"). As Plaintiff points out, at most, the refences to CDC guidelines and OSHA standards in the Petition are for purposes of measuring Defendants' negligence and not claims for relief under CDC guidance or OSHA regulations. *See* Plaintiff's Brief at 20; *see also Bender v. Jordan*, 623 F.3d 1128, 1130 (D.C. Cir. 2010) (explaining that "[f]or federal courts to have jurisdiction, the state law claim must turn on an 'actually disputed and substantial' issue of federal law") (quoting *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005)).

Nevertheless, Defendants argue that because some claims in Plaintiff's Petition are based on federal law the case is removable. Resistance at 24-25 (citing *Wullschleger v. Royal Canain U.S.A., Inc.*, 953 F.3d 519 (8th Cir. 2020)). Although Defendants' alleged violations of federal law is one way Plaintiff may prove an element of the common law

5

claims, that is not enough under *Wullschleger* to confer federal question jurisdiction. In *Wullschleger*, the Eighth Circuit found federal question jurisdiction because the plaintiffs' claims relied on non-compliance with federal law in paragraph after paragraph to such an extent that "dependence on federal law permeates the allegations such that [common law] claims cannot be adjudicated without reliance on and explication of federal law." 953 F.3d at 522. Plaintiff's claims here are distinguishable from the plaintiffs' claims in *Wullschleger* because, unlike in *Wullschleger*, the claims in Plaintiff's Petition do not necessarily depend on a federal violation and federal law does not "permeate" the Petition. Indeed, Defendants only identify three paragraphs out of 299 that depend upon alleged violations of federal guidance.[1] *See* Resistance at 25. Thus, the court finds that Defendants' mischaracterization of the Petition does not establish federal question jurisdiction.

Also, Defendants' reliance on federal directives to establish federal question jurisdiction is misplaced. Defendants allege that how Tyson followed—or failed to follow—federal directions raises "issues of federal law and national concern." Resistance at 25. But the court finds that these arguments are merely a reframing of Defendants' federal officer jurisdiction argument. During the time period in question, no federal statement or action "constituted a federal directive that subjected Tyson to the guidance and control of the federal government or enlisted Tyson to undertake a governmental task." *Buljic*, 22 F.4th at 740. Thus, because Defendants were not subject to any federal directive or guidance or undertaking a governmental task, there are no issues of federal law and national concern to be resolved by a federal court.

Accordingly, Defendants have failed to establish federal subject matter jurisdiction based on a federal question. *See Cent. Iowa Power Coop, Inc.*, 561 F.3d at 912.

---

[1] Defendants also list numerous paragraphs related to Tyson's decision to keep the plant open. *See* Resistance at 25. As discussed below, however, that argument is foreclosed by *Buljic*.

### D. Federal Officer Removal

Even in the face of the Eighth Circuit's decision in *Buljic v. Tyson Foods, Inc.*, 22 F.4th 730 (8th Cir. 2021), Defendants continue to argue this court has jurisdiction under 28 U.S.C. § 1442(a)(1).[2] In *Buljic*, the plaintiffs also filed a petition in state court asserting claims for fraudulent misrepresentation and gross negligence against Tyson and its current and former executives and supervisors growing out of the defendants' actions and failures to act in March and April of 2020 during the COVID-19 pandemic. 22 F.4th at 737. The defendants removed the case to federal court. *Id.* The district court granted the plaintiffs' motions to remand and Defendants appealed. *Id.* The Eighth Circuit held that in March and April of 2020, "Tyson was not 'acting under' a federal officer at the time that Plaintiffs' relatives contracted COVID-19 and is therefore not eligible for removal under the federal officer removal statute." *Id.* at 742. Here, Mr. Mukendi was admitted to the hospital with COVID-19 symptoms on April 29, 2020. Petition at ¶ 183. He died from complications related to COVID-19 on May 10, 2020. *Id.* at ¶ 184. The jurisdictional facts in *Buljic* are identical to those in the case at bar. Therefore, the court finds it unnecessary to restate them here. Similarly, the arguments here mirror those made to the Eighth Circuit in *Buljic* and therefore the court also finds it unnecessary to

---

[2] Specifically, § 1442(a)(1) provides that:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

restate them. The Eighth Circuit's decision in *Buljic* is binding precedent. *See Bierman v. Dayton*, 900 F.3d 570, 574 (8th Cir. 2018) (explaining that an argument is foreclosed by precedent when there is no meaningful distinction between cases and that where a precedent has direct application in a case it should be followed). Thus, the court finds it does not have subject matter jurisdiction in this case under 28 U.S.C. § 1442(a)(1).

### *E. Pending Motions*

The court does not have jurisdiction over this case. Accordingly, the pending motions (docket nos. 4, 5, 6) are denied without prejudice.

### V. CONCLUSION

In light of the foregoing, Plaintiff's Motion to Remand (docket no. 13) is **GRANTED**. Title 28, United States Code, Section 1447(d) provides that a case removed under Section 1442 shall be reviewable by appeal or otherwise. As such, the execution of this order is **STAYED** for **30 days** from the date this order is filed. Fed. R. Civ. P. 62(a); *Fernandez v. Tyson Foods, Inc.*, No. 20-CV-2079-LRR, 2021 WL 1257557, at *2 (N.D. Iowa Jan. 28, 2021). The pending motions found at docket nos. 4, 5, and 6 will be **DENIED WITHOUT PREJUDICE**. If there is no appeal, upon expiration of the stay, this case is **REMANDED** to the Iowa District Court for Black Hawk County and the Clerk of Court is **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED** this 16th day of February, 2023.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA